IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE ANDRES DUARTE SALAZAR,<br><br>Petitioner,<br><br>vs.<br><br>KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security, et al.,<br><br>Respondents. | 0:26-CV-1040<br><br>MEMORANDUM AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner contends their detention is unlawful due to denial of a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 5.

The briefing demonstrates that the petitioner's application for the writ only presents issues of law—and the government concedes this point, *see* filing 5 at 14—so the Court declines to hold a hearing. *See* § 2243. The Court will grant the petition for reasons thoroughly articulated by this Court in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026).

The government has produced evidence that the petitioner was arrested pursuant to an administrative warrant.[1] The existence of a warrant matters,

---

[1] The warrant was issued the same day the petitioner was detained, and the government's evidence doesn't specify whether the warrant was issued before the detention, at the same time, or after. *See* filing 6. That could matter, because issuing an administrative warrant *after* an arrest isn't good enough to trigger § 1226(a). *See Alberto C.M. v. Noem*, No. 0:26-cv-

because it's the warrant that triggers 28 U.S.C. § 1226(a). If arrested pursuant to a warrant, the petitioner would at least be entitled to a bond hearing; if not arrested pursuant to a warrant, the petitioner is entitled to outright release. *See Velasco Hurtado v. Bondi*, 2026 WL 184884, at *6 (citing *Ahmed M. v. Bondi*, No. 25-CV-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases)).

Except for one thing: The petitioner had *already* been released. He was in the government's custody in 2022 and released on recognizance. Filing 1 at 2; filing 6-3 at 4. And a number of courts have held that redetention of a person previously released under § 1226, without formally revoking that order of release or following any procedures prior to making a decision that conflicts with an order of release—violates due process. *See, e.g.*, *Feisal O. v. Noem*, No. 26-CV-81, 2026 WL 92857, at *3 (D. Minn. Jan. 13, 2026) (citing *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025)); *Abdirashid H. M. v. Noem*, No. 25-CV-4779, 2026 WL 127698, at *3 (D. Minn. Jan. 9, 2026) (citing *Qasemi v. Francis*, No. 25-CV-10029, 2025 WL 3654098 (S.D.N.Y. Dec. 17, 2025)); *see also Budha v. Murray*, No. 25-CV-1941, 2026 WL 266429, at *5-8 (E.D. Cal. Feb. 2, 2026); *cf. Edita M.S.C. v. Noem*, No. 26-CV-650, 2026 WL 252545, at *2 (D. Minn. Jan. 30, 2026); *Kalayci v. Noem*, No. 26-CV-56, 2026 WL 194170, at *2 (N.D. Ind. Jan. 26, 2026).

As a starting point, the Border Patrol first encountered the petitioner about three miles from a port of entry and roughly 20 yards north of the Mexican border. Filing 6-3 at 2. If the government was going to contend the petitioner was an "arriving alien," that was the time. Instead, the government decided to release him—and when it did so, "it made the decision that he would

---

380, 2026 WL 184530, at *2-3 (D. Minn. Jan. 23, 2026). But because the Court finds that the petitioner's prior release on recognizance is dispositive, the Court need not demand additional details regarding the precise timing of events.

2

no longer be subject to the mandatory detention provision of Section 1225(b)(1), and that his detention must instead be conducted under the discretionary framework of Section 1226(a)." *Abdirashid*, 2026 WL 127698, at *3 (quoting *Qasemi*, 2025 WL 3654098, at *11). That's consistent with the general principle that § 1226 applies to non-citizens already in the United States. *See Velasco Hurtado v. Bondi*, 2026 WL 184884.

If the government was going to redetain the petitioner *lawfully*, he would have been entitled to a suite of procedural protections set forth in applicable regulations. *See Barco Mercado*, 2025 WL 3295903, at *11 (explaining administrative process for revoking release). But there is no evidence here that an immigration officer exercised discretion to revoke the petitioner's release, or conducted a custody redetermination until after arresting him. *See id*. In short, the petitioner's "redetention pursuant to the wrong statute violated due process. [The petitioner] had no notice before being redetained nor was he provided with an opportunity to be heard. More importantly, respondents have offered no reason why ICE redetained [the petitioner] beyond the fact that he entered the country illegally." *Id.* at *12.

Accordingly, the Court concludes that the government's administrative warrant does not justify revoking the petitioner's prior release on recognizance, and that outright release from his present confinement is the appropriate remedy. The government shall immediately—if necessary—return the petitioner to the state of Minnesota and release the petitioner from custody.[2]

---

[2] A petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g.*, *Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), *report and*

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

2. The government shall, if necessary, immediately return the petitioner to the District of Minnesota.

3. When the petitioner is in Minnesota, the government shall immediately release the petitioner from custody with no new conditions, and shall return any personal property seized from the petitioner when detained.

4. No later than **February 13, 2026**, the government shall file a status report certifying compliance with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this 11th day of February, 2026.

BY THE COURT:

*John M. Gerrard* (signature)

John M. Gerrard
Senior United States District Judge

---

*recommendation adopted*, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo. Nov. 19, 2025); *cf. Bah v. Cangemi*, 548 F.3d 680 (8th Cir. 2008) (evaluating the merits of immigration habeas petitioner's EAJA claim). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).